**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

<table>
<tr><td>

PEGGY JOHNSON, Individually and as<br>
Administratrix of the Estate of<br>
EUGENE JOHNSON, and as Next Friend of<br>
DAVID JOHNSON, JONATHAN<br>
JOHNSON,<br>
        Plaintiffs,<br><br>
VS.<br><br>
JOHNSON COUNTY,<br>
        Defendant.

</td><td>

§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§

</td><td>

<br><br><br><br><br>CAUSE NO. _____<br>JURY<br><br>**304CV2066 D**

</td></tr>
</table>

IN THE DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 23 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Johnson County (hereinafter "Defendant"), Defendant in the above-entitled cause, and hereby files its Notice of Removal, and in support of same would respectfully show this Court the following.

### I.

### STATEMENT OF CASE

Plaintiffs are Peggy Johnson, Individually and as Administratrix of the Estate of Eugene Johnson, and as Next Friend of David Johnson and Jonathan Johnson. Defendant is Johnson County. On August 31, 2004, Plaintiffs filed suit against Defendant in the 18th Judicial District Court of Johnson County, Texas, under Cause No. C200400416 (See Tab 2, Plaintiffs' Original Petition). Defendant was served with Plaintiffs' Original Petition on September 10, 2004. (See Tab 2, Return of Citation to Plaintiffs' Original Petition). Among the causes of action alleged in Plaintiffs' Original Petition are those predicated upon Federal statute 42 U.S.C. §1983, seeking

damages for the alleged violations of various Constitutional rights of the Plaintiffs, as discussed more fully below. (See Tab 2, Plaintiffs' Original Petition, pp. 2-16).

## II.

## <u>BASIS FOR REMOVAL</u>

This Court has jurisdiction of this case under the provisions of 28 U.S.C. §1331, in that this is a civil action wherein the claims arise under the Constitution, laws, or treaties of the United States, as alleged in Plaintiffs' Original Petition. Removal is proper because Plaintiffs' suit involves a Federal question. See 28 U.S.C. §1441(b); *Carpenter v. Witchita Falls Independent School District*, 44 F.3d 362 at 364 (5th Cir. 1995).

Specifically, Plaintiffs allege in relevant part that their claims "arise from the unconstitutional actions, policies, procedures, practices and customs of the Defendants", and that those "actions, policies, procedures, customs, and practices were deliberately indifferent to the known and clearly established constitutional rights of the Plaintiffs." (See Tab 2, Plaintiffs' Original Petition, p. 2). Elsewhere, having asserted Decedent Eugene Johnson's "established constitutional right to receive appropriate medical care" while incarcerated in the Johnson County Jail, Plaintiffs assert "Defendant was deliberately indifferent to the known and clearly established constitutional rights of Eugene Johnson". *Id.*, p. 5. Again at p. 9 of their Petition, Plaintiffs assert the Decedent's "constitutional right to receive timely and appropriate medical and psychological treatment." *Id.*, p. 9.

Thereafter, Plaintiffs repeatedly make reference to "unconstitutional policies" of Defendant, or an alleged failure to adopt policies, that were deliberately indifferent to the Plaintiffs' rights, safety, and welfare. (See Tab 2, Plaintiffs' Original Petition, pp. 11-16). These are causes of action for the violation of Constitutional rights under Federal statute 42

U.S.C. §1983. Plaintiffs' claim for attorney's fees (see Tab 2, Plaintiffs' Original Petition, pp. 17) further establishes the Federal question attributes of their claims, as such fees are not recoverable for Plaintiffs' State-law tort claims, but are made recoverable for Constitutional claims under §1983 by virtue of 42 U.S.C. §1988. As such, the case involves Federal questions of which this Court has original jurisdiction.

### III.

### REMOVAL IS TIMELY AND VENUE IS PROPER

Defendant was served with Plaintiffs' Original Petition on September 10, 2004. (See Tab 2, Return of Citation to Plaintiffs' Original Petition). Defendant has timely filed this Notice of Removal within thirty days after receipt by Defendant of papers from which it ascertained that this case was removable. 28 U.S.C. §1446(b)(1994).

Venue is proper in this District pursuant to 28 U.S.C. §1441(a), in that this District and Division embrace the place (Johnson County, Texas) in which the removed state action is pending.

### IV.

### ATTACHED DOCUMENTS

Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, Defendant attaches to this Notice of Removal an index of documents, a copy of all process, pleadings, and orders served upon them or filed in this case in the State District Court, a copy of the State District Court's docket sheet, and a separately signed Certificate of Interested Persons. Defendant has also filed a civil cover sheet and supplemental cover sheet contemporaneously with the filing of this Notice of Removal.

Defendant has contemporaneously filed a copy of this Notice of Removal with the Clerk of the State Court in which the action has been pending, pursuant to 28 U.S.C. §1446(d).

## IV.

## JURY DEMAND

Defendant respectfully demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, based upon the foregoing authorities, the above-styled case be removed from the 18th Judicial District Court of Johnson County, Texas to this, the United States District Court for the Northern District of Texas, Dallas Division;  Defendant further prays for such other and further relief, both general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**THOMAS P.  BRANDT**
State Bar No.02883500
(Attorney in Charge)
**STEPHEN D. HENNINGER**
State Bar No.00784256
**AMANDA M. BIGBEE**
State Bar No.24036223
**FANNING HARPER & MARTINSON**
A Professional Corporation
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**JOHNSON COUNTY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on this the 23rd day of September , 2004.

**STEPHEN D. HENNINGER**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **PEGGY JOHNSON, Individually and as** | § | |
| **Administratrix of the Estate of** | § | |
| **EUGENE JOHNSON, and as Next Friend of** | § | |
| **DAVID JOHNSON, JONATHAN** | § | |
| **JOHNSON,** | § | |
| **Plaintiffs,** | § | **CAUSE NO. _____** |
| | § | **JURY** |
| **VS.** | § | |
| | § | |
| **JOHNSON COUNTY,** | § | |
| **Defendant.** | § | |

## INDEX OF DOCUMENTS

1.  Civil Docket Sheet, 18th Judicial District Court

2.  Plaintiffs' Original Petition and citation, filed August 31, 2004

3.  Letter filing Plaintiffs' Original Petition from Kobs & Haney, P.C.

4.  Defendant's Original Answer, filed September 20, 2004

5.  Defendant's Notice of Removal to Federal Court, filed contemporaneously herewith.

6.  Defendant's Certificate of Interested Persons

```
CAS101                          DOCKET BOOK REPORT                   PAGE    1
.
CASE # C200400416               COURT: 18TH DISTRICT COURT           09/17/2004
CAUSE: WRONGFUL DEATH
STYLE: JOHNSON,PEGGY ET AL      VS JOHNSON COUNTY


                                     PLAINTIFF


NAME _____           ATTORNEY _____

JOHNSON,DAVID & JONATHAN

JOHNSON,EUGENE
THE ESTATE OF

JOHNSON,PEGGY ET AL                          HANEY,MARK A
                                             SUNDANCE SQUARE SUITE 204
                                             115 WEST SECOND STREET
                                             FT. WORTH, TX 76102
      -   -                                  817-332-5956

                                     DEFENDANT


NAME _____           ATTORNEY _____

JOHNSON COUNTY
% CO JUDGE ROGER HARMON
#2 MAIN ST
CLEBURNE, TX 76033

                              _____


TRANSACTIONS FOR ALL PARTIES                 REPORT FOR ALL DATES

08/31/2004            ORIG PET-ISS 1 CIT-JOCO                    248.00-
JOHNSON,PEGGY ET A
08/31/2004            PMT FOR ORIG PET-ISS 1 CIT-JOCO           248.00
JOHNSON,PEGGY ET A
09/10/2004            CIVIL CIT SERVED-JOHNSON COUNTY C/O ROGER HARMON
                      FILED 09/14/04
```

CAUSE NO. _____C200400416_____

IN   THE   __18TH DISTRICT COURT__   COURT   OF   JOHNSON   COUNTY,   TEXAS

ATTORNEY FOR PLAINTIFF(S)  ORIGINAL

DAVID R. LLOYD - DISTRICT CLERK
P.O. BOX 495
CLEBURNE, TEXAS 76033-0495

MARK A HANEY                    *
SUNDANCE SQUARE SUITE 204      *
115 WEST SECOND STREET         *
FT. WORTH, TX 76102            *

=================================================================
### C I V I L   C I T A T I O N
=================================================================
THE STATE OF TEXAS

NOTICE TO DEFENDANT:
    YOU   HAVE   BEEN   SUED.   YOU   MAY   EMPLOY   AN   ATTORNEY.   IF  YOU,  OR  YOUR
ATTORNEY   DO   NOT   FILE  A   WRITTEN   ANSWER   WITH   THE   CLERK   WHO  ISSUED  THIS
CITATION   BY   10:00  A.M.   ON   THE   MONDAY   NEXT   FOLLOWING   THE  EXPIRATION  OF
TWENTY   DAYS   AFTER   YOU   WERE   SERVED   THIS   CITATION  AND,  PETITION,  A  DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU.

To:   JOHNSON COUNTY
      % CO JUDGE ROGER HARMON
      #2 MAIN ST
      CLEBURNE, TX 76033

DEFENDANT - GREETINGS:
    You   are   hereby   commanded to appear by filing a written answer to the
Plaintiff's               O R I G I N A L                              petition
at   or   before   ten   o'clock   a.m.   of   the Monday next after the expiration
of   twenty   days   after   the   date   of   service   of this citation before the
Honorable  __18TH DISTRICT COURT__   Court   of Johnson County, Texas at the
Courthouse      of      said      County      in      Cleburne,      Texas.

    Said           O R I G I N A L           petition
was   filed   in   said   court,   on   the   31st   day of __August__ , A.D. _2004_ in
this  cause, numbered _____C200400416 on the docket of said court & styled:

JOHNSON,PEGGY ET AL           VS           JOHNSON COUNTY

    The   nature of this demand is fully shown by a true and correct copy of
the   petition,   accompanying   this   citation   and   made   a   part   hereof.

    The officer executing this writ shall promptly serve the same according
to requirements of law, and mandates thereof, and make due return as the law
directs.

    Issued   and   given   under   my   hand   and seal of said court at Cleburne,
Texas,   this   the   __02nd__   day   of   __September,__   A.D.   _2004_ .

David R. Lloyd
P.O. Box 495
Cleburne, Texas 76033-0495

DAVID R. LLOYD, Clerk
18TH DISTRICT COURT
JOHNSON COUNTY, TEXAS

By _____ Deputy

### OFFICER OR AUTHORIZED PERSON'S RETURN

    Came   to   hand   the   _____ day of _____ A.D., _____ at _____
o'clock  ___.m., and executed at _____, within the County of
_____,  at  ____ o'clock ___.m. on the ____ day of _____,
by delivering to the within named _____,
in  person,  a  true copy of this citation together with the accompanying copy
of  the  petition,  having first attached such copy of such petition to such
copy of citation and endorsed on such copy of citation the date of delivery.

Total Service Fee $_____

          Sher./Const./Auth. Person _____ County, Texas

                              By _____ Deputy

          Subscribed and sworn to by _____ before
me,   the undersigned authority, this _____ day of _____, A.D. _____.

2

CAUSE NO. _C200400416_      ORIGINAL

| | |
|---|---|
| PEGGY JOHNSON, Individually and as | § |
| the Administratrix of the Estate of | § |
| EUGENE JOHNSON, and as Next Friend | § |
| of DAVID JOHNSON, JONATHAN | § |
| JOHNSON | § |
| | § |
| Plaintiffs | § |
| | § |
| vs. | § |
| | § |
| JOHNSON COUNTY | § |
| | § |
| Defendant | § |

IN THE DISTRICT COURT

JOHNSON COUNTY, TEXAS

_____18_____ JUDICIAL DISTRICT

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Peggy Sue Johnson, Individually, and as the Administratrix of the Estate of

Eugene Johnson, and as Next Friend of David Johnson, and Jonathan Johnson, and file this their

Original Petition against Johnson County, and as grounds therefore would respectfully show the

Court as follows:

### I. DISCOVERY LEVEL

Plaintiffs respectfully request that the Court approve their request for discovery to be

conducted in this case pursuant to Level 3, as provided in Rule 190 of the Texas Rules of Civil

Procedure.

### II. JURISDICTION & VENUE

This is a civil action for damages brought in the State District Court of Johnson County,

Texas. This Court has jurisdiction of the persons and subject matter of this case, and the amounts

in controversy are within the jurisdiction of this court.

Venue is proper in Johnson County, as the Defendant Johnson County, has its primary place of business located in Johnson County, Texas, and the facts and events giving rise to this cause of action and the damages sustained by Plaintiffs arose in Johnson County, Texas.

## II. PARTIES

Plaintiff Peggy Johnson was the wife of Eugene Johnson, and is the mother of David Johnson and Jonathan Johnson. Ms. Johnson and her children David Johnson and Jonathan Johnson are citizens of the United States and of the State of Texas and residents of Parker County, Texas. Plaintiff Peggy Johnson's claims arise from the wrongful death of her husband, Eugene Johnson, who was a citizen of the United States and of the State of Texas and a resident of Parker County, Texas at the time of his death. Peggy Johnson's claims, and those brought on behalf of the Estate of Eugene Johnson, and as Next Friend for David Johnson, and Jonathan Johnson, arise from the unconstitutional actions, policies, procedures, practices and customs of the Defendants and/or through the use and/or misuse of tangible personal property of Johnson County, and/or of the State of Texas, and/or through a condition of the real property that was unreasonably dangerous. The Defendants were either negligent, or their actions, policies, procedures, customs and practices were deliberately indifferent to the known and clearly established constitutional rights of the Plaintiffs, resulting in the suffering and death of Eugene Johnson.

Defendant Johnson County, Texas ("County") is a duly formed county organized under the laws of the State of Texas. Defendant County can be served with process by serving the County Judge of Johnson County, Roger Harmon, at the primary place of business for Johnson County, Texas, at No. 2 Main Street-Johnson County Courthouse, Cleburne, Texas 76033.

---

## III. FACTUAL ALLEGATIONS

On or about September 1, 2002, Eugene Johnson died while in custody at the Johnson County Jail, (the "Jail"). At the time of his death, and prior to his death Eugene Johnson suffered from a serious medical condition. He was mentally ill, depressed, and suicidal. Prior to his death on September 1, 2002, Eugene Johnson had been arrested for public intoxication, and due to concerns expressed by his wife at the scene that he was intoxicated, upset, depressed, and potentially suicidal, and a threat to harm himself. Ms. Peggy Johnson communicated her concerns regarding her husband's condition both to officers who made the scene of Eugene Johnson's arrest, and to officers at the Johnson County Jail. Within approximately 30 minutes following his arrest and/or booking into the Jail, Eugene Johnson committed suicide. Prior to his death and at the time of his death the Defendants knew that Eugene Johnson suffered from a serious medical condition of intoxication, depression, and mental illness resulting in his suicidal behavior.

The County has a commissioner manager form of government. Pursuant to the policies, procedures, practices and customs of the County, policy making decisions are vested in the County Commissioners. These policy making decision are then delegated to the appropriate heads of the County departments and agencies.

Roger Harmon was the County Judge at the time of Eugene Johnson's death. Roger Harmon, along with the other County commissioners delegated the authority to institute policies, procedures, practices and customs for the operation of the Jail to the Johnson County Sheriff. Robert "Bob" Alford was the County Sheriff at the time of Eugene Johnson's death, and he had the responsibility to adopt policies, procedures, practices and customs for the operation of the Jail and the training of staff at the Jail, pursuant to the grant of authority given to him by officials of the County.

At the time of Eugene Johnson's death, the Johnson County Sheriff's Office officers employed at the Jail were
performing their tasks under the direction of the County Sheriff's Office pursuant to the policies, procedures, practices, and customs adopted by the County Sheriff for the operation of the Jail and the training that they received by and/or through the JCSO.

Defendant had established policies regarding:

a.    staffing, budgets, and policies, procedures, customs and practices of operation at the Jail;

b.    training of staff at the Jail;

c.    monitoring of persons in custody at the Jail;

d.    identification, assessment, care, and transportation of detainees requiring medical or psychological evaluation and treatment for serious medical or psychological conditions at the Jail;

e.    providing reasonable and appropriate medical care to persons incarcerated at the Jail;

f.    designing and/or selecting the cells, furnishings, fixtures, and implements made available to persons in custody at the Jail while in custody, and potentially suffering from serious medical conditions, such as being suicidal.

The County and/or the JCSO did not have adequate medical facilities and capabilities at the Jail to assess and/or treat persons who suffered from the serious medical condition of Eugene Johnson. Persons in custody at the Jail who suffered from serious psychiatric conditions, if their condition was not of the kind that could be treated with the medical facilities located at the Jail, had to be transported off site to an appropriate  medical or psychological provider to obtain medical

and/or psychological evaluation and treatment.

The County and/or the JCSO did not transport Eugene Johnson at the time of arrest, or once in custody, from the Jail to an appropriate offsite medical or psychological provider or facility for evaluation or treatment for his serious medical condition prior to the time Eugene Johnson committed suicide, even though it was known at the time of arrest and incarceration that Eugene Johnson was intoxicated, depressed, and suicidal, and that his condition was acute.

While in custody at the Jail Eugene Johnson was denied appropriate medical care by Defendant's policies, customs and practices at a time when Eugene Johnson had clearly established constitutional right to receive appropriate medical care for his serious medical condition, and Defendant had a duty to provide appropriate medical evaluation, care, and treatment or to make arrangements so that Eugene Johnson could obtain appropriate medical evaluation, care and treatment.

Defendant was deliberately indifferent to the known and clearly established constitutional rights of Eugene Johnson and the Plaintiffs by, among other matters, denying Eugene Johnson access to appropriate medical evaluation, care, and treatment for his serious condition prior to his death.

The failures and/or acts of deliberate indifference of the Defendant occurred prior to Eugene Johnson's death by, among other failures and/or acts, the following:

    (a)    by failing to adequately monitor Eugene Johnson's welfare when he had a known serious medical condition that needed immediate medical evaluation and treatment;

    (b)    by failing to adequately evaluate his known serious medical condition;

    (c)    by failing to properly treat his known serious medical condition;

    (d)    by failing to transport Eugene Johnson to an appropriate medical and/or

psychological facility or provider so that Eugene Johnson's serious medical condition could be properly evaluated and treated;

(e)     by failing to place Eugene Johnson, who was known to be suicidal, in a segregation cell from which items that could be used to commit suicide had been removed;

(f)     by placing Eugene Johnson in isolation in a cell when he was known to be suicidal;

(g)     by placing Eugene Johnson, who was known to be suicidal, in a cell which, by its design, made the means to commit suicide readily available;

(h)     by failing to properly train the arresting officers and Jail staff regarding the recognition and prevention of suicide;

(i)     by failing to train Jail staff on a constitutionally appropriate method of housing and monitoring the welfare of persons in custody who were known to be suicidal;

(j)     by failing to train arresting officers and/or Jail staff on identifying known suicidal persons in custody for transport to appropriate medical providers and/or facilities;

(k)     by failing to train arresting officers and/or Jail staff to provide appropriate medical care to persons in custody known to be suicidal;

(l)     by failing to adequately staff the Jail, so that known suicidal persons, such as Eugene Johnson, could be properly and timely monitored for their safety;

(m)     by failing to place Eugene Johnson, who was known to be suicidal, in a cell where he could be reasonably monitored; and

(n)     by failing to place Eugene Johnson on suicide watch, when he was known to be suicidal.

Prior to and while Eugene Johnson was in custody at the Jail, Eugene Johnson and Peggy

Johnson had informed the arresting officers that Eugene Johnson was depressed, and suicidal, and that he had attempted suicide in the weeks prior to September 1, 2002. Additionally, on the afternoon and evening of September 1, 2002, Eugene Johnson was behaving in a suicidal and psychologically disturbed and erratic manner prior to and while in custody at the Jail and prior to his death by, among other actions, acting incoherent and belligerent with officers, being uncooperative with officers, and acting agitated and upset at his incarceration while in his cell.

Prior to his death, Defendant failed to place Eugene Johnson on "suicide watch", failed to adequately monitor him, failed to provide Eugene Johnson any appropriate medical or psychological care and treatment for his known serious medical condition, and failed to transport Eugene Johnson to a facility where he could receive appropriate medical or psychological evaluation and treatment. Even though Eugene Johnson was suffering from a serious medical condition that had become acute and was known to be suicidal, JCSO correctional officers at the Jail placed him in a cell with clothing, bedding, and access to furniture, fixtures, equipment, and implements which could be used to commit suicide by hanging.

The furniture, fixtures, bedding, equipment, and implements located in the cell where Eugene Johnson was placed following his arrest, had previously been used to attempt or to commit suicide in the Jail, and posed an unreasonable risk to persons in the suicidal condition of Eugene Johnson. This unreasonable risk was known to Defendant, including policy makers of the County and/or the JCSO prior to Eugene Johnson's death by suicide.

The Defendant did not have employees who were adequately trained on suicide recognition and prevention who participated in the arrest of Eugene Johnson, or who were assigned to serve at the Jail and administer to Eugene Johnson on or about September 1, 2002.

The Defendant did not have adequate policies in effect to provide for adequate monitoring of persons with serious medical conditions such as Eugene Johnson at the time of his death.

The design of the Jail hindered or prevented the effective monitoring of persons in custody at the Jail who had serious medical conditions, such as Eugene Johnson, as staffed, and as operated, at or about the time of Eugene Johnson's death, pursuant to the policies, procedures, customs and practices adopted for the operation of the Jail by the County and/or the JCSO.

The County and/or the JCSO adopted policies, procedures, customs and practices for the operation of the Jail that did not provide adequate welfare checks or adequately trained staff to make welfare checks on Eugene Johnson, in light of his known serious medical/suicidal condition.

The County and/or JCSO adopted policies, procedures, customs, and practices, and/or failed to adopt policies, procedures, customs, and practices, which led to inadequate training on suicide recognition or prevention for the arresting officer and employees working at the Jail at the time of Eugene Johnson's death.

The employees working at the Jail, pursuant to the policies, procedures, customs and practices adopted by the County and/or the JCSO for the operation of the Jail failed to properly monitor the welfare of Eugene Johnson when they knew that he suffered from a serious medical condition and that he was potentially suicidal.

The County and/or the JCSO, pursuant to policies, procedures, customs, and practices adopted for the operation of the Jail, did not provide adequate training for the employees working at the Jail on how to identify a person in custody who required immediate medical or psychological evaluation and treatment because of a serious medical or psychological condition, such as being suicidal.

It is reasonably foreseeable that a jail, such as the Jail in this case, is from time to time going to be required to handle and deal with persons incarcerated who are experiencing serious medical and/or psychologic problems, including being potentially suicidal, and who require immediate medical or psychological evaluation and/or treatment.

Persons such as Eugene Johnson have a constitutional right to receive timely and appropriate medical and psychological treatment for a serious medical or psychological condition while in custody, including the serious medical condition suffered by Eugene Johnson.

The County and/or JCSO with responsibility for operating a jail including providing for timely and appropriate medical care of persons incarcerated at a jail, such as the Jail in this case, must have policies, procedures, customs and practices in place which ensure that incarcerated persons, such as Eugene Johnson, who require medical or psychological evaluation and/or treatment for their serious medical and/or psychologic condition are identified, properly monitored, and provided appropriate medical and/or psychologic evaluation, care, and treatment.

At the time of Eugene Johnson's death in September, 2002, the County and/or the JCSO had no adequate policy, procedure, custom or practice that ensured that persons incarcerated at the Jail, such as Eugene Johnson, who were known to have a serious medical condition and who were demonstrating that they required medical or psychological evaluation and treatment to be timely identified and provided proper evaluation, care, and treatment, or that they were timely identified, monitored, and transported to a medical facility or medical provider who could provide adequate evaluation, care and treatment for their serious medical conditions such as those experienced by Eugene Johnson.

Eugene Johnson required medical evaluation and treatment for his serious medical condition

from the time of his arrest and throughout his incarceration, until his death on September 1, 2002. Eugene Johnson's known medical history at the date of incarceration at the Jail demonstrated his serious medical condition, communications and comments from Peggy Johnson and from Eugene Johnson himself prior to his death regarding his serious medical condition, Eugene Johnson's behavior, actions, and serious medical condition, during his arrest and while in custody at the Jail were such that a reasonable official would have determined that Eugene Johnson had a serious medical or psychological condition that required medical or psychological evaluation and/or treatment during his period of incarceration at the Jail.

Reasonable officials with the same or similar information under the same or similar circumstances surrounding Eugene Johnson's death, had they not been deliberately indifferent, and had they been properly trained, would have frequently monitored Eugene Johnson's welfare, and obtained immediate medical or psychological evaluation and treatment for Eugene Johnson's serious condition. This did not occur during his arrest or while Eugene Johnson was in custody at the Jail.

If Eugene Johnson had been properly monitored to ensure his safety and welfare, or if adequate medical and/or psychological evaluation and treatment had been made available to Eugene Johnson prior to his death, or if appropriate safeguards had been employed such as placing him in a suicide segregation cell from which items and implements that could be readily used to commit suicide had been removed, Eugene Johnson would not have died.

The Defendant did not provide any medical or psychological treatment to Eugene Johnson for his serious condition prior to his death, neither did they transport Eugene Johnson to an appropriate medical facility or provider where he could receive the medical evaluation, care and treatment that he needed in light of his known serious suicidal medical condition.

Eugene Johnson committed suicide by hanging himself around the neck with a ligature made from the mattress cover of his cell hung over a welded steel frame. These implements and fixtures were made readily available to him in his cell at the Jail. Eugene Johnson was not placed in paper clothes prior to his death. Eugene Johnson was not placed in an appropriate suicide segregation cell prior to his death. Eugene Johnson's suicide went unseen and undetected by officers of the Jail for approximately 30 minutes, after he had been placed in isolation in a cell that could not be readily observed when it was known that he was suicidal.

**COUNT I**

Plaintiffs re-allege and incorporate the allegations set forth herein above.

The following unconstitutional policies of the County and/or JCSO resulted in the denial of medical and psychological treatment to Eugene Johnson which would have prevented his death by suicide:

    a.      The policy to not keep persons in custody at the Jail who were suffering from known serious medical conditions and were potentially suicidal on "suicide watch" with adequately trained personnel or transporting them to a hospital or other appropriate medical facility where they could receive timely and appropriate medical and psychological evaluation and treatment;

    b.      the policy to place persons in custody at the Jail who were suffering from known serious medical conditions who were behaving erratically and were potentially suicidal in cells with furniture, fixtures, equipment, and implements that could be readily used to commit suicide;

    c.      the policy to place persons in custody at the Jail who had a serious medical condition

and were suicidal in cells which were isolated from immediate view of Jail officers;

d.    the policy to staff the Jail with employees who were untrained or inadequately trained in jail operations pertaining to recognition, monitoring, prevention, and care of potentially suicidal persons;

e.    the policy to provide inadequate staffing during Jail operational hours to provide adequate monitoring or transport of persons with serious medical conditions who were suicidal;

f.    the policy of maintaining a design of the Jail which hindered or prevented the frequent monitoring of persons with serious medical conditions who were potentially suicidal, or which contributed to the ability of suicidal persons in custody at the Jail to commit suicide.

Each of these policies was adopted by the County Sheriff pursuant to the policy making authority delegated to the County Sheriff by the County Commissioners of the County. Each of these policies or customs either singularly or in combination were adopted or maintained with objective deliberate indifference to the rights, safety, and welfare of the Plaintiffs.

## COUNT II

Plaintiffs re-allege and incorporate the allegations set forth herein above.

The absence of the following policies to ensure that medical and psychological treatment was provided to incarcerated persons with a serious medical or psychological condition resulted in Eugene Johnson's death by suicide:

a.    a policy to have persons who suffered from serious medical conditions who were potentially suicidal and in custody at the Jail evaluated and/or treated at the Jail by

appropriate medical doctors or psychologists for their obvious and serious medical or psychologic condition;

b.     a policy to have persons suffering from serious medical conditions who were potentially suicidal and in custody at the Jail who were exhibiting serious medical or psychologic problems transported to a facility where evaluation and/or treatment for their condition could occur;

c.     a policy to have properly trained employees at the Jail to administer to potentially suicidal inmates who had training in suicide recognition and prevention;

d.     a policy to have an appropriate segregation cell at the Jail that was free of clothing and other furniture, fixtures, equipment, and implements which could be used to commit suicide by persons in custody at the Jail who were suffering from a serious medical condition and/or who were potentially suicidal;

e.     a policy to have potentially suicidal persons in custody at the Jail placed in paper clothes;

f.     a policy to have bedding and implements that could be used to commit suicide removed from the cell where the potentially suicidal person in custody at the Jail was placed; and

g.     a policy to have persons who were potentially suicidal placed in cells where they could be easily observed and monitored.

The County and/or the JCSO, at the time of Eugene Johnson's death, were aware that there was an absence of the foregoing policies and were aware that in the absence of such policies, it was likely that a person in custody at the Jail who suffered from a serious medical or psychological

condition, such as Eugene Johnson, would not receive proper monitoring for their welfare in light

of their serious medical condition, and/or would not receive the necessary and timely medical and

psychological evaluation and treatment that they needed, and that such failures could result in serious

injuries or death.  By failing to adopt appropriate policies, the County and/or the JCSO acted with

objective deliberate indifference to the rights, safety and welfare of the Plaintiffs.

**COUNT III**

Plaintiffs re-allege and incorporate the allegations set forth in herein above.

The following procedures or customs utilized at the Jail resulted in Eugene Johnson's death

by suicide:

a.      permitting Eugene Johnson access to bedding, fixtures, and implements that could
be used to commit suicide while incarcerated at the Jail instead of removing all such
items from the cell which could have been used to commit suicide by hanging; and

b.      failing to adequately monitor Eugene Johnson during the time that he was placed in
a cell with bedding, furniture, fixtures, equipment, and implements that could be used
to commit suicide when his serious medical condition had become acute and Eugene
Johnson was known to be potentially suicidal;

c.      failing to perform adequate welfare checks on Eugene Johnson when his serious
medical and suicidal condition was known; and

d.      failing to adequately staff the Jail so that persons suffering from serious medical
conditions who were potentially suicidal could be adequately monitored and/or
transported for treatment of their serious medical condition.

The foregoing customs, procedures, and practices were adopted, implemented and/or

---

PLAINTIFFS ORIGINAL COMPLAINT                                  PAGE 14

maintained by the Defendant with deliberate indifference to the rights, safety, and welfare of the Plaintiffs.

## COUNT IV

Plaintiffs re-allege and incorporate the allegations set forth herein above.

Defendant County and/or the JCSO failed to train or inadequately trained arresting officers and/or employees who were responsible for the operation of the Jail to:

a.  recognize the symptoms of suicidal behavior of Eugene Johnson described herein above, which were obvious and serious signs of psychological problems of suicidal behavior;

b.  identify persons being arrested or in custody at the Jail, such as Eugene Johnson, who required immediate medical or psychological care because of a serious medical or psychological condition;

c.  obtain medical and psychological care for persons being arrested or in custody at the Jail exhibiting signs of serious medical or psychological conditions such as those communicated to the arresting officers and employees of the Jail and which were exhibited by Eugene Johnson prior to his death;

d.  to transport persons in custody at the Jail, such as Eugene Johnson, for whom it had been communicated to arresting officers and employees at the Jail that he was suffering from serious medical conditions and was potentially suicidal and/or who was exhibiting serious medical or suicidal conditions to appropriate facilities were his medical or psychological condition could have been evaluated and treated;

e.  to properly monitor and observe persons in custody at the Jail, such as Eugene

PLAINTIFFS ORIGINAL COMPLAINT                                                          PAGE 15

Johnson, who were potentially suicidal;

f.      to remove articles of clothing, bedding, and other furniture, fixtures, equipment, and implements from potentially suicidal persons in custody at the Jail, such as Eugene Johnson, which could be used by persons suffering from serious medical conditions who were potentially suicidal to hang or otherwise injure themselves;

g.      to place potentially suicidal persons in custody at the Jail, such as Eugene Johnson, who was exhibiting serious psychologic conditions in a segregation cell without clothing, bedding, and other equipment and implements which could be used to hang themselves, and where they could be readily observed;

h.      seek professional medical assessment of persons in custody at the Jail, such as Eugene Johnson, who required immediate medical or psychological care because of a serious medical or psychological condition.

The failure to train described above indicates objective deliberate indifference on the part of the Defendant to the known and clearly established constitutional rights of the Plaintiffs.

## COUNT V

Plaintiffs re-allege and incorporate the allegations set forth herein above.

The death of Eugene Johnson was occasioned through the use or misuse of tangible personal property of the state of Texas, through the use of Jail issued bedding materials, and other implements and property of the state, such as the welded steel partition which was in the cell in which Eugene Johnson was housed when he was suffering from a known serious medical condition which had become acute, making him suicidal, resulting in the death of Eugene Johnson by hanging. The use of bedding and/or the welded steel partitions of the cells at the Jail had been previously used to

commit or attempt to commit suicide by persons incarcerated at the Jail and singularly or in combination posed and created a premises defect that created an unreasonable risk of harm to persons incarcerated at the Jail who were suffering from a serious medical condition and who were known to be suicidal. The use and/or misuse of real and tangible personal property by the County, and/or the JCSO resulted in the death of Eugene Johnson.

## **DAMAGES**

As a result of the conduct described herein, Plaintiffs, Peggy Johnson, Individually and as Next Friend of David Johnson, and Jonathan Johnson, seek damages for the wrongful death of Eugene Johnson, including the following:

a. loss of companionship and society;

b. mental anguish;

c. loss of support;

d. recovery of their attorneys' fees and costs of court;

e. prejudgment and post judgment interest as allowed by law; and

f. Such other and further relief at law or in equity to which Plaintiff may show themselves to be justly entitled.

Plaintiff, Estate of Eugene Johnson, by and through Peggy Johnson, Administratrix of the Estate of Eugene Johnson, seeks recovery of the following:

a. Eugene Johnson's conscious pain and suffering experienced prior to his death;

b. costs of medical care associated with his injury and death and for the expenses incurred for the funeral and burial of Eugene Johnson;;

c. recovery of attorneys fees and costs of court;

d.  prejudgment and post judgment interest as allowed by law.

e.  Such other and further relief to which the Estate of Eugene Johnson may show

itself to be justly entitled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof they

recover their damages as set forth herein and that they also recover such other and further relief

to which they may show themselves to be justly entitled.

Respectfully submitted,

By: _____

JEFF KOBS
Texas Bar No. 11642500

MARK A. HANEY
Texas Bar No. 08908480

Kobs & Haney, P.C.
Sundance Square Suite 204
115 West Second Street,
Fort Worth, Texas 76102
Telephone (817) 332-5956
Facsimile (817)332-2899

CHARLIE SMITH
Texas State Bar No. 18723050

Law Offices of Charlie Smith
1019 West Mitchell Street
Arlington, Texas 76013
Telephone (817) 274-3331
Facsimile (817) 795-9533

PLAINTIFFS ORIGINAL COMPLAINT                                    PAGE 18

J. GREG COONTZ
Texas Bar No. 04770400

Law Offices of J. Greg Coontz
217 Market Street
Burleson, Texas 76028
Telephone (817) 295-1195
Facsimile (817) 295-9444

Bob Bowland
Texas Bar No. 02743000

Law Offices of Bob Bowland
5155 Wichita Street
Fort Worth, Texas 76119
Telephone (817) 535-2859
Facsimile (817) 535-2859

Attorneys for Plaintiff

---

3

**Kobs & Haney, P.C.**
**Attorneys and Counselors**

Sundance Square - Suite 204
115 West Second Street
Fort Worth, Texas 76102

Telephone:    (817) 332-5956
Metro:         (817) 498-9911
Facsimile:     (817) 332-2899

**Jeff Kobs**
Board Certified:
Civil Trial Law
Personal Injury Trial Law
Civil Appellate Law
Texas Board of Legal Specialization

**Mark Haney**

---

August 31, 2004

Johnson County District Court
2 N. Main Street
Cleburne, Texas 76033

    Re:    Peggy Johnson, Individually and as the Administratrix of the Estate of
          Eugene Johnson, and as Next Friend of David Johnson and Jonathan
          Johnson v. Johnson County

Dear Clerk:

    Please find enclosed an original and two copies of Plaintiff's Original Petition for filing in the above referenced matter. Please file the original and return the file marked copy via the person delivering this letter.

    Please also find enclosed a firm check in the amount of $248.00 to cover the cost of filing fees, citation fees and service fees. Upon completion of the citation, please have it sent to the Constable's office for service to the Defendant.

    If you have any questions, please do not hesitate to call me. Thank you for your consideration.

                        Sincerely yours,

                        Amanda Ramos
                        Legal Assistant

AR
Enclosures.

cc:    Peggy Johnson

4

Cause No. C200400416



| PEGGY JOHNSON, Individually and | § | IN THE DISTRICT COURT |
| as Administratrix of the Estate of | § | |
| EUGENE JOHNSON, and as Next Friend | § | |
| of DAVID JOHNSON, JOHNATHAN | § | |
| JOHNSON, | § | |
|     Plaintiffs, | § | 18th JUDICIAL DISTRICT |
| | § | |
| vs. | § | |
| | § | |
| JOHNSON COUNTY, | § | |
|     Defendant. | § | JOHNSON COUNTY, TEXAS |

### DEFENDANT JOHNSON COUNTY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Johnson County (hereinafter "Defendant"), and files its Original Answer to Plaintiffs' Original Petition in the above-styled and numbered cause, and would respectfully show unto the Court the following:

### I.

### GENERAL DENIAL

As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations made in Plaintiffs' Original Petition. Defendant says further that, since Plaintiffs have made all these allegations, they should required to prove each and every one of them by a preponderance of all the credible evidence.

### II.

### AFFIRMATIVE DEFENSES

1.    Defendant affirmatively pleads that Plaintiffs have failed to state claims for which relief may be granted.

2.   Defendant affirmatively pleads that it cannot be vicariously liable for Constitutional violations under a *respondeat superior* theory of liability.

3.   Defendant affirmatively pleads that no alleged Constitutional injury was caused by a policy, custom, or practice of Johnson County.

4.   Defendant affirmatively denies that any of the County's policies, customs, or practices, or alleged lack thereof, exhibit deliberate indifference to the Constitutional or other statutory rights of any person.

5.   Defendant affirmatively pleads that none of the County's employees, agents, officials, or representatives exhibited deliberate indifference to the Constitutional or other statutory rights of Plaintiffs, or any other person.

6.   Defendant invokes the defense of governmental immunity from Plaintiffs' claims. Johnson County is a governmental entity performing governmental functions and, under the law, is entitled to the defense of governmental immunity except and to the extent that such immunity has been expressly waived by statute.   Defendant affirmatively pleads its governmental immunity from Plaintiffs' State-law claims in this case has been waived only to the extent set forth in the Texas Tort Claims Act, Texas Civil Practice & Remedies Code §101.001 *et. seq.*, and under the law the County is immune.  Further, in the unlikely event that Plaintiffs can prove a cause of action against Defendant, then Plaintiffs' monetary recovery would be limited to the amounts set forth in §101.023 of the Texas Tort Claims Act.

7.   Defendant affirmatively pleads that it cannot be liable for exemplary/punitive damages for Plaintiffs' claims under State law.  See Texas Tort Claims Act §101.024.

8.   Defendant affirmatively pleads that it cannot be liable or exemplary/punitive damages for Plaintiffs' claims under Federal law.  See *City of Newport v. Fact Concerts*, 453

U.S. 247 (1981).

9.    Defendant affirmatively pleads that it cannot be liable for attorney's fees for Plaintiffs' claims under State law.

10.    Defendant affirmatively pleads that the incident and damages of which Plaintiffs complain were solely the proximate result of Decedent Eugene Johnson's negligent and/or intentional conduct in taking his own life.

## III.

## SPECIAL EXCEPTIONS

Pursuant to Tex.R.Civ.P. 47, Defendant specially excepts to Plaintiffs' Original Petition in that it fails to state the maximum amount claimed in this suit.

## IV.

## JURY DEMAND

Defendant hereby demands a trial by jury in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that it have judgment of the Court that Plaintiffs take nothing by this suit, and that Defendant go hence with its costs without day; Defendant further prays for such other and further relief, both general or special, at law or in equity, to which it may show itself to be justly entitled.

Defendant's Original Answer
(23245/00231170/sdh)

page 3

Respectfully submitted,

**FANNING HARPER & MARTINSON**
A Professional Corporation

By: _Tom P. Brandt w/ permission_

**THOMAS P. BRANDT**
State Bar No.02883500
**STEPHEN D. HENNINGER**
State Bar No.00784256
**AMANDA M. BIGBEE**
State Bar No.24036223
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**JOHNSON COUNTY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, via certified mail, return receipt requested, to all attorneys of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on the 17th day of September, 2004.

_Tom P. Brandt w/ permission_

**THOMAS P. BRANDT**

5

Cause No. C200400416

| | | |
|---|---|---|
| **PEGGY JOHNSON, Individually and** | § | **IN THE DISTRICT COURT** |
| **as Administratrix of the Estate of** | § | |
| **EUGENE JOHNSON, and as Next Friend** | § | |
| **of DAVID JOHNSON, JOHNATHAN** | § | |
| **JOHNSON,** | § | |
| **Plaintiffs,** | § | **18th JUDICIAL DISTRICT** |
| | § | |
| **vs.** | § | |
| | § | |
| **JOHNSON COUNTY,** | § | |
| **Defendant.** | § | **JOHNSON COUNTY, TEXAS** |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>
<u>**TO FEDERAL COURT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Johnson County, Defendant in the above-entitled action, and hereby gives notice to this Court that, pursuant to pertinent Federal law, Defendant has filed its Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, thereby removing this cause to that Court. A true and correct copy of that Notice is attached hereto as Exhibit "A" and incorporated herein as if fully set forth.

Respectfully submitted,

**FANNING HARPER & MARTINSON**
A Professional Corporation

By:  _____

**THOMAS P. BRANDT**
State Bar No.02883500
**STEPHEN D. HENNINGER**
State Bar No.00784256
**AMANDA M. BIGBEE**
State Bar No.24036223
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT
JOHNSON COUNTY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, via certified mail, return receipt requested, to all attorneys of record, in compliance with Rule 21a of the Texas Rules of Civil Procedure, on the 23rd day of September , 2004.

_____
**STEPHEN D. HENNINGER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PEGGY JOHNSON, Individually and as** | § | |
| **Administratrix of the Estate of** | § | |
| **EUGENE JOHNSON, and as Next Friend of** | § | |
| **DAVID JOHNSON, JONATHAN** | § | |
| **JOHNSON,** | § | |
| **Plaintiffs,** | § | **CAUSE NO. _____** |
| | § | **JURY** |
| **VS.** | § | |
| | § | |
| **JOHNSON COUNTY,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S CERTIFICATE OF INTERESTED PERSONS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Johnson County and files its Certificate of Interested Persons

as follows:

1.    Peggy Johnson,  Plaintiff

2.    David Johnson, Plaintiff

3.    Jonathan Johnson, Plaintiff

4.    Jeff Kobs, Mark Haney, Charlie Smith, J. Greg Coontz, and Bob Bowland, Attorneys for
      Plaintiffs

5.    Johnson County, Defendant

6.    Texas Association of Counties, Risk Pool for Defendant

7.    Thomas P. Brandt,   Stephen D. Henninger, and Amanda Bigbee  (FANNING, HARPER
      & MARTINSON, P.C.), Attorneys for Defendant.

Respectfully submitted,

**THOMAS P. BRANDT**
State Bar No.02883500
**STEPHEN D. HENNINGER**
State Bar No.00784256
**AMANDA M. BIGBEE**
State Bar No.24036223
**FANNING HARPER & MARTINSON**
A Professional Corporation
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**JOHNSON COUNTY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on this the 23rd day of September , 2004.

**STEPHEN D. HENNINGER**